UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANTHONY WAYNE SHOTWELL,

                Petitioner,

v.

STATE OF MICHIGAN,

                Respondent.

_____/

Case No. 1:25-cv-1255

Honorable Maarten Vermaat

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Court will grant Petitioner's motion for leave to proceed *in forma pauperis*. (ECF No. 2.)

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 7.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

§ 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

<u>**Discussion**</u>

## I.    Factual Allegations

Petitioner Anthony Wayne Shotwell is incarcerated with the Michigan Department of Corrections at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. On July 18, 2022, following a four-day jury trial in the Ingham County Circuit Court, Petitioner was convicted of causing or persuading a child to engage in child sexually abusive activity (CSAA), in violation of Mich. Comp. Laws § 750.145c(2)(a), using a computer to commit the crime of CSAA, in violation of Mich. Comp. Laws §§ 752.796 and 752.797(3)(f), possession of child sexually abusive material (CSAM), in violation of Mich. Comp. Laws § 750.145c(4)(a), using a computer to commit the crime of CSAM, in violation of Mich. Comp. Laws §§ 752.796 and 752.797(3)(d), third-degree criminal sexual conduct (CSC-III), in violation of Mich. Comp. Laws § 750.520d(1)(b) (sexual penetration accomplished by force or coercion), and two counts of fourth-degree criminal sexual conduct (CSC-IV), in violation of Mich. Comp. Laws § 750.520e(1)(b) (sexual contact accomplished by force or coercion). On September 7, 2022, the trial court sentenced Petitioner to serve concurrent terms of 7 to 20 years' imprisonment for the CSAA conviction, 5 to 20 years' imprisonment for the using-a-computer-CSAA conviction, 23 to 84 months' imprisonment for the using-a-computer-CSAM conviction, 7 to 15 years'

imprisonment for the CSC-III conviction, and 365 days' incarceration for the CSAM and CSC-IV convictions.

Petitioner initially filed his petition in the United States District Court for the Eastern District of Michigan. That court transferred the petition here, where venue is proper, on October 16, 2025. (ECF No. 4.) Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on September 16, 2025. (Pet., ECF No. 1, PageID.17.)

The petition raises four grounds for relief, as follows:

I.      Judicial misconduct; Judge James Jamo's 4-11-2023 ruling against judicial estoppel, declares falsified evidence used, declares factual innocence.

II.     Prosecutorial misconduct; knowingly withholding exculpatory evidence, suborning perjury, using falsified evidence.

III.    Ineffective assistance of trial counsel, Jared Austin.

IV.     Actual innocence.

(Pet., ECF No.1, PageID.8–13.) Petitioner supports these grounds for relief with several handwritten pages of argument. (*Id.*, 18–29.)

## II.    Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to

4

all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that he raised grounds II and III in only the Michigan Supreme Court. (Pet., ECF No. 1, PageID.11, 13.) With regard to grounds I and IV, Petitioner reports that he raised some parts, or perhaps all parts, in the state trial court, court of appeals, and supreme court. (*Id*., PageID.10, 14.) Petitioner's list of the claims raised in the Michigan Court of Appeals, as well as that court's opinion, suggest otherwise.

Petitioner states that the grounds raised in the Michigan Court of Appeals are the following:

I.      insufficient evidence

II.     other-acts evidence

III.    OV 4 OV 12 overscored for sentencing

IV.     ex post facto punishment

V.      cruel and unusual punishment

(*Id*., PageID.6.) Petitioner attaches to his petition the Michigan Court of Appeals opinion, *People v. Shotwell,* No. 362283 (Mich. Ct. App. May 30, 2024). (*See* ECF No. 1, PageID.36–49.) The opinion addresses the specific grounds that Petitioner identified as "court of appeals" issues in the petition, and no others. The grounds for relief raised in this petition are entirely different than the grounds raised in the court of appeals on Petitioner's direct appeal. Therefore, the Court concludes that Petitioner has not fairly presented any of the grounds that Petitioner raises herein to the Michigan Court of Appeals.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. To properly exhaust his claims, Petitioner must file a motion for relief from judgment in the Ingham County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.") (citation omitted).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his convictions to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on January 31, 2025. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on May 1, 2025. Accordingly, absent tolling, Petitioner would have one year, until May 1, 2026**,** in which to file his habeas petition.

Petitioner filed the instant petition on September 16, 2025. Even today, nearly five months remain before expiration of the limitations period.

The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007)*.* The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332. Thus, so long as Petitioner's request for collateral review is pending, the time will not count against him. But, until he files his motion and after the Michigan Supreme Court rules on his application for leave to appeal to that court, the statute of limitations will run.

Petitioner has ample time remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court and files a new petition after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Accordingly, the Court will dismiss the petition for failure to exhaust available state-court remedies.

### III.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's application is properly dismissed for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

Reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons the Court concludes that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order granting Petitioner leave to proceed *in forma pauperis* and denying a certificate of appealability, as well as a judgment dismissing the petition for failure to exhaust state-court remedies.


Dated:    December 26, 2025                    /s/ *Maarten Vermaat*
                                              Maarten Vermaat
                                              United States Magistrate Judge